IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1) | CHRISTY BAILEY as Personal Representative of the Estate of Jeffrey Peterson, Deceased., | |
| | Plaintiff, | |
| vs. | | No. CV-20-327-SPS |
| (1) | CITY OF ADA; | |
| (2) | OFFICER MARCUS BEALE; | |
| (3) | OFFICER JUSSELY CANADA; | |
| (4) | OFFICER MICHAEL MEEKS; and | |
| (5) | OFFICER PHILLIP VOGT | |
| | Defendants. | |

**ANSWER OF DEFENDANTS CITY OF ADA, OFFICER JUSSELY CANADA, OFFICER MICHAEL MEEKS, AND OFFICER PHILLIP VOGT**

COMES NOW the Defendants, (1) City of Ada; (3) Officer Jussely Canada; (4) Officer Michael Meeks; and (5) Officer Phillip Vogt (collectively hereinafter Defendants), by and through their attorneys of record, STEIDLEY & NEAL, P.L.L.C., and for their Answer to the Complaint [Doc 2] allege and state as follows:

1. Paragraph number one (1) of the Plaintiff's Complaint is a statement of law which requires no response from the Defendants.

2. Defendants admit paragraph number two (2) of the Plaintiff's Complaint.

3. Defendants admit paragraph number three (3) of the Plaintiff's Complaint.

4. Defendants are without the necessary information to admit or dent the allegations in paragraph number four (4) of the Plaintiff's Complaint and therefore, deny the same and demand strict proof thereof.

1

5.  Defendants are without the necessary information to admit or dent the allegations in paragraph number five (5) of the Plaintiff's Complaint and therefore, deny the same and demand strict proof thereof.

6.  Defendants admit that Marcus Beale, Jussely Canada, Michael Meeks and Phillip Vogt were police officer employed by the Ada Police Department on September 21, 2019 and that Plaintiff is suing them in both their official capacity as Ada police officers and individually. Defendants deny any and all allegations of liability contained in paragraph number six (6) of Plaintiff's Complaint and demand strict proof thereof.

7.  Defendants admit the City of Ada is a municipal corporation within the State of Oklahoma and that it operates and maintains a law enforcement agency known as the Ada Police Department. Defendants deny any and all allegations of liability contained in paragraph number seven (7) of Plaintiff's Complaint and demand strict proof thereof.

8.  Defendants admit paragraph number eight (8) of the Plaintiff's Complaint.

9.  Defendants admit paragraph number nine (9) of the Plaintiff's Complaint.

10. Defendants are without the necessary information to admit or deny the allegations in paragraph number ten (10) of the Plaintiff's Complaint and therefore, deny the same and demand strict proof thereof.

11. Defendants admit that Megan Timmons (sic) called 911 and requested police assistance regarding recovering her belongings as alleged in paragraph number eleven (11) of the Plaintiff's Complaint.

12. Defendants admit paragraph number twelve (12) of the Plaintiff's Complaint.

13. Defendants deny paragraph number thirteen (13) of the Plaintiff's Complaint.

14. Defendants deny paragraph number fourteen (14) of the Plaintiff's Complaint.

15. Defendants admit that Defendant Beale did not have a warrant or exigent circumstances when he and Ms. Timmons first approached the front door as alleged in paragraph number fifteen (15) of the Plaintiff's Complaint.

16. Defendants deny paragraph number sixteen (16) of the Plaintiff's Complaint.

17. Defendants admit paragraph number seventeen (17) of the Plaintiff's Complaint.

18. Defendants deny paragraph number eighteen (18) of the Plaintiff's Complaint.

19. Defendants deny paragraph number nineteen (19) of the Plaintiff's Complaint.

20. Defendants deny paragraph number twenty (20) of the Plaintiff's Complaint.

21. Defendants deny paragraph number twenty-one (21) of the Plaintiff's Complaint.

22. Defendants admit paragraph number twenty-two (22) of the Plaintiff's Complaint.

23. Defendants deny paragraph number twenty-three (23) of the Plaintiff's Complaint.

24. Defendants admit paragraph number twenty-four (24) of the Plaintiff's Complaint.

25. Defendants admit paragraph number twenty-five (25) of the Plaintiff's Complaint.

26. Defendants deny paragraph number twenty-six (26) of the Plaintiff's Complaint.

27. Defendants deny paragraph number twenty-seven (27) of the Plaintiff's Complaint.

28. Defendants deny paragraph number twenty-eight (28) of the Plaintiff's Complaint.

29. Defendants deny paragraph number twenty-nine (29) of the Plaintiff's Complaint.

30. Defendants deny paragraph number thirty (30) of the Plaintiff's Complaint.

31. Defendants admit paragraph number thirty-one (31) of the Plaintiff's Complaint.

32. Defendants admit paragraph number thirty-two (32) of the Plaintiff's Complaint.

33. Defendants admit paragraph number thirty-three (33) of the Plaintiff's Complaint.

34. Defendants admit paragraph number thirty-four (34) of the Plaintiff's Complaint.

35. Defendants admit paragraph number thirty-five (35) of the Plaintiff's Complaint.

36. Defendants deny paragraph number thirty-six (36) of the Plaintiff's Complaint.

37. Defendants deny paragraph number thirty-seven (37) of the Plaintiff's Complaint.

38. Defendants deny paragraph number thirty-eight (38) of the Plaintiff's Complaint.

39. Defendants deny paragraph number thirty-nine (39) of the Plaintiff's Complaint.

40. Defendants deny paragraph number forty (40) of the Plaintiff's Complaint.

41. Defendants admit paragraph number forty-one (41) of the Plaintiff's Complaint.

42. Defendants admit paragraph number forty-two (42) of the Plaintiff's Complaint.

43. Defendants deny paragraph number forty-three (43) of the Plaintiff's Complaint.

44. Defendants deny paragraph number forty-four (44) of the Plaintiff's Complaint.

45. Defendants deny paragraph number forty-five (45) of the Plaintiff's Complaint.

46. Defendants deny paragraph number forty-six (46) of the Plaintiff's Complaint.

47. Defendants admit paragraph number forty-seven (47) of the Plaintiff's Complaint.

48. Defendants admit that Garrett Peterson died but deny the remaining allegations in paragraph number forty-eight (48) of the Plaintiff's Complaint.

49. Defendants deny paragraph number forty-nine (49) of the Plaintiff's Complaint. Defendant Meeks first yelled that Garrett Peterson was going after Defendant Beale's gun and then that Peterson was going after his gun.

50. Defendants deny paragraph number fifty (50) of the Plaintiff's Complaint.

51. Defendants deny paragraph number fifty-one (51) of the Plaintiff's Complaint.

52. Defendants deny paragraph number fifty-two (52) of the Plaintiff's Complaint.

53. Defendant City admits that this is Defendant Beale's second officer involved shooting but are without sufficient information to admit or deny the remaining allegations in paragraph number fifty-three (53) of Plaintiff's Complaint and therefore, deny the same and demand strict proof thereof.

54. Defendants are without sufficient information to admit or deny the allegations in paragraph number fifty-four (54) of Plaintiff's Complaint and therefore, deny the same and demand strict proof thereof.

55. Defendants deny paragraph number fifty-five (55) of the Plaintiff's Complaint.

56. Defendants deny paragraph number fifty-six (56) of the Plaintiff's Complaint.

57. Defendants deny paragraph number fifty-seven (57) of the Plaintiff's Complaint.

58. Defendants deny paragraph number fifty-eight (58) of the Plaintiff's Complaint.

59. Defendants deny paragraph number fifty-nine (59) of the Plaintiff's Complaint.

60. Defendants deny paragraph number sixty (60) of the Plaintiff's Complaint.

61. Defendants deny paragraph number sixty-one (61) of the Plaintiff's Complaint.

62. Paragraph number sixty-two (62) of the Plaintiff's Complaint requires no response.

63. Defendants deny paragraph number sixty-three (63) of the Plaintiff's Complaint.

64. Defendants deny paragraph number sixty-four (64) of the Plaintiff's Complaint.

65. Defendants deny paragraph number sixty-five (65) of the Plaintiff's Complaint.

66. Defendants deny paragraph number sixty-six (66) of the Plaintiff's Complaint.

67. Defendants deny paragraph number sixty-seven (67) of the Plaintiff's Complaint.

68. Defendants deny paragraph number sixty-eight (68) of the Plaintiff's Complaint.

69. Defendants deny paragraph number sixty-nine (69) of the Plaintiff's Complaint.

70. Paragraph number seventy (70) of the Plaintiff's Complaint requires no response.

71. Defendants deny paragraph number seventy-one (71) of the Plaintiff's Complaint.

72. Defendants deny paragraph number seventy-two (72) of the Plaintiff's Complaint.

73. Paragraph number seventy-three (73) of the Plaintiff's Complaint requires no response.

74. Defendants deny paragraph number seventy-four (74) of the Plaintiff's Complaint.

75. Defendants deny paragraph number seventy-five (75) of the Plaintiff's Complaint.

76. Defendants deny paragraph number seventy-six (76) of the Plaintiff's Complaint.

77. Defendants deny paragraph number seventy-seven (77) of the Plaintiff's Complaint

78. Paragraph number seventy-eight (78) of the Plaintiff's Complaint requires no response.

79. Defendants deny paragraph number seventy-nine (79) of the Plaintiff's Complaint.

80. Defendants deny paragraph number eighty (80) of the Plaintiff's Complaint.

81. Defendants deny paragraph number eighty-one (81) of the Plaintiff's Complaint.

82. Defendants deny paragraph number eighty-two (82) of the Plaintiff's Complaint.

83. Defendants deny paragraph number eighty-three (83) of the Plaintiff's Complaint.

84. Paragraph number eighty-four (84) of the Plaintiff's Complaint requires no response.

85. Defendants admit paragraph number eighty-five (85) of the Plaintiff's Complaint.

86. Defendants admit paragraph number eighty-six (86) of the Plaintiff's Complaint.

87. Defendants deny paragraph number eighty-seven (87) of the Plaintiff's Complaint.

88. Defendants deny paragraph number eighty-eight (88) of the Plaintiff's Complaint.

89. Defendants deny paragraph number eighty-nine (89) of the Plaintiff's Complaint.

90. Paragraph number ninety (90) of the Plaintiff's Complaint requires no response.

91. Defendants admit paragraph number ninety-one (91) of the Plaintiff's Complaint.

92. Defendants deny paragraph number ninety-two (92) of the Plaintiff's Complaint.

93. Defendants admit paragraph number ninety-three (93) of the Plaintiff's Complaint.

94. Defendants deny paragraph number ninety-four (94) of the Plaintiff's Complaint.

95. Defendants deny paragraph number ninety-five (95) of the Plaintiff's Complaint.

**AFFIRMATIVE DEFENSES**

1. The injuries and/or damages alleged in Plaintiff's Complaint were caused in whole or in part by the culpable conduct, want of care and assumption of risk on the part of the Plaintiff's decedent, without fault or want of care on the part of the Defendants.

2. The conditions created by the Plaintiff's decedent were the proximate cause of his alleged injuries and/or damages, if any.

3. Plaintiff's damages, if any, are the result of causes not related to the incident in question.

4. Plaintiff has failed to state a claim upon which relief may be granted.

5. Consent.

6. Defendant Ada cannot be held liable for any constitutional violation from the acts of its agents, servants or employees under the doctrine of *respondeat superior* and /or vicarious liability.

7. Defendant Ada has not executed, nor implemented, any policy or procedure which can be found in any ordinance, regulation, policy statement or decision officially adopted by the

governmental entity, or found in a pattern of persistent practices known to and approved by the municipality that would be considered unconstitutional.

8. Plaintiff has failed to set forth any allegation which would create a material issue of fact as to the requisite culpable state of mind of deliberate indifference on behalf of Defendant Ada.

9. Defendant Canada, Meeks and Vogt are entitled to qualified immunity.

10. Defendant Ada is immune from punitive or exemplary damages in any action for damages.

11. Exigent Circumstances.

12. Comparative Negligence.

13. Probable cause existed for the Plaintiff decendent's arrest and/or detention.

14. There was reasonable suspicion for the plaintiff's detention/arrest.

15. Defendants reserve the right to add to or amend this Answer until the time of the Pretrial Conference.

16. Defendant Ada and all of its employees acting within the scope of their employment are immune from suit under the doctrine of sovereign immunity and waive this immunity only to the extent and manner provided by the Governmental Tort Claims Act. OKLA. STAT. tit. 51, §152.1.

17. Defendant Ada may not be held liable for more than $125,000.00 under the provision of the Governmental Tort Claims Act to any claimant for any other loss arising out of a single accident or occurrence. OKLA. STAT. tit. 51, §154(A)(2).

18. Pursuant to OKLA. STAT. tit. 51, §155, Defendants shall not be held liable if a loss of claim results from:

    1.    Adoption or enforcement or failure to adopt or enforce a law, whether valid or invalid, including, but not limited to, any statute, charter provision, ordinance, resolution, rule, regulation, or written policy;

    2.    Performance of or the failure to exercise or perform any act or service which is in the discretion of the state or political subdivision or its employees;

    3.    The method of providing police, law enforcement or fire protection;

    4.    Acts or omissions done in conformance with then current recognized standards;

    5.    Any claim which is limited or barred by any other law.

19.    Discovery is ongoing.

20.    Defendant Ada reserves the right to add to or amend this Answer until the time of the Pretrial Conference.

Respectfully submitted,

STEIDLEY & NEAL, P.L.L.C.
*Attorneys for Defendants*

By:   *s/Sean M. McKelvey*
      Sean M. McKelvey, OBA #17098
      smm@steidley-neal.com
      P.O. Box 1165
      McAlester, OK 74502
      (918)423-4611
      (918)423-4620 - fax

**Certificate of Service**

_X_   I hereby certify that on the 26th day of October 2020, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Jack Mattingly, Jr.         jackjr@mroklaw.com
Jarrett Adams              jadams@jarrettadamslaw.com
Jeanette Samuels           sam@chicivilrights.com

___   I hereby certify that on the ____ day of October 2020, I served the attached document by U.S. Mail, postage fully prepaid, on the following who are not registered participants of the ECF System:

                                                _s/Sean M. McKelvey_
                                                of Steidley & Neal, P.L.L.C.