IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) CHRISTY BAILEY as Personal Representative of the Estate of Jeffrey Peterson, Deceased., <br><br> Plaintiff, <br><br> vs. <br><br> (1) CITY OF ADA; <br> (2) OFFICER MARCUS BEALE; <br> (3) OFFICER JUSSELY CANADA; <br> (4) OFFICER MICHAEL MEEKS; and <br> (5) OFFICER PHILLIP VOGT <br><br> Defendants. | No. CV-20-327-JAR |

**DEFENDANTS CITY OF ADA, OFFICER JUSSELY CANADA, OFFICER MICHAEL MEEKS, AND OFFICER PHILLIP VOGT'S OBJECTION AND MOTION TO QUASH AND ALTERNATIVELY MOTION FOR PROTECTIVE ORDER FOR SUBPOENA TO OKLAHOMA STATE BUREAU OF INVESTIGATION**

COMES NOW the Defendants, (1) City of Ada; (3) Officer Jussely Canada; (4) Officer Michael Meeks; and (5) Officer Phillip Vogt (collectively hereinafter Defendants), by and through their attorneys of record, STEIDLEY & NEAL, P.L.L.C., and objects to the Subpoena to Produce Documents issued by the Plaintiff on May 19, 2022 to the Oklahoma State Bureau of Investigation ("OSBI") [Doc. 75] and respectfully requests that the Court quash the Subpoena. Pursuant to LCvR 3 7.1(f), counsel for Defendants has conferred via telephone with opposing counsel in a good faith attempt to resolve the differences outlined herein. Plaintiff's lead attorney is officed in New York, which is more than thirty miles from the office of counsel for Defendants. In support of their motion, Defendants submit the following brief:

1

On September 21, 2019, Megan Timmons requested police assistance. Ada Officer Marcus Beale arrived, spoke with Ms. Timmons, and learned Jeffery Garrett Peterson kicked her out of the house she had been staying at, took money out of her bra, and would not return any of her items in the household. While speaking with Ms. Timmons, Officer Beale observed bruises on Ms. Timmons right arm. After getting Megan's version of events, he advised that they should make contact with Mr. Peterson to see if they could figure things out.

Officer Beale and Ms. Timmons approached the front door of the residence and Ms. Timmons knocked on the door. Officer Beale noticed the door was moving back and forth and it was not locked. Ms. Timmons turned the knob and began to open it. Officer Beale placed his left arm above Ms. Timmons and into the doorway to prevent trim from falling onto Ms. Timmons. Mr. Peterson ran to the door and slammed it shut. Officer Beale's arm smashed in the door.

Officer Beale advised he was with the Ada Police Department. Mr. Peterson threatened Officer Beale multiple times. Officer Beale explained to Mr. Peterson why he was there and attempted to calm Mr. Peterson. Mr. Peterson continued to be hostile and would not listen to Officer Beale. At this point, Officer Beale had determined he was going to arrest Mr. Peterson for assault and battery on a police officer. Officer Beale radioed for backup.

Officers Canada, Meeks and Vogt responded to the request for backup. When the backup officers arrived, Officer Beale was attempting to make entry into the residence and Mr. Peterson was actively resisting. The officers made entry into the residence and Mr. Peterson immediately began striking Officer Beale. Mr. Peterson attempted to grab Officer Beale's gun.

At some point in the struggle, Mr. Peterson turned his attention to Officer Meeks. Mr. Peterson pushed him into a corner and attempted to grab Officer Meeks's gun. Officer Beale gave

Mr. Peterson commands to let go of Officer Meeks, which caused Mr. Peterson to look back at Officer Beale briefly before turning back and continuing to attempt to pull Officer Meeks' firearm out. At that point, Officer Beale fired three (3) shots at Mr. Peterson. Mr. Peterson died from those gun shot wounds.

## ARGUMENT AND AUTHORITIES

In a federal civil proceeding, partes may only obtain discovery regarding non-privileged matters that are relevant to a claim or defense involved in the pending litigation. FED.R.CIV.P. 26(b)(1). When considering an objection as to the relevancy of material sought, a court must first "determine whether the discovery is relevant to the claims or defenses and, if not, whether good cause exists for authorizing it so long as it is relevant to the subject matter of the action." *In re Cooper Tire & Rubber Co.,* 568 F.3d 1180, 1188 (10th Cir.2009)(quoting FED.R.CIV.P.26(b)(1)).

While relevance should be construed liberally, "discovery, like all matters of procedure, has ultimate and necessary boundaries." *Hickman v. Taylor*, 328 U.S. 495, 507 (1947). As such, discovery of matters not "reasonably calculated to lead to the discovery of admissible evidence" do not fall within the scope of Rule 26(b)(1). A subpoena served on a third party pursuant to Rule 45 is considered discovery withing the meaning of the Federal Rules and Civil Procedure. *Rice v. United States,* 164 F.R.D. 556, 556-57 (N.D. Okla. 1995). Thus, "any subpoena that is issued to non-parties pursuant to Rule 45 is subject to Rule 26(b)(1)'s overriding relevance requirement." *Hughes v. Twenty-First Century Fox, Inc.,* 327 F.R.D. 55, 57 (S.D.N.Y. 2018) (quoting *Ireh v. Nassau Univ. Med. Ctr.,* 2008 WL 4283344, at *5 (E.D.N.Y. Sept. 17, 2008)(internal quotations omitted).

**SUBPOENA TO OKLAHOMA STATE BUREAU OF INVESTIGATION**

The disclosure of OSBI investigations is governed by OKLA. STAT. tit. 74, § 150.5. Pursuant to § 150.5, OSBI reports "shall be confidential and shall not be open to the public.[.]" 74 O.S. § 150.5(D)1. Disclosure of OSBI investigations and any related records may only occur at the discretion of the Director and only to agents of federal, state, county or municipal law enforcement agencies, district attorneys, employees of the Department of Human Services and appropriate accreditation bodies. 74 O.S. § 150.5(D)2. Unauthorized disclosure is a misdemeanor and considered willful neglect of duty. *Id.* Further, a civil subpoena is *not* sufficient to compel the disclosure of OSBI-procured evidence and reports concerning their investigations. *See State ex rel. Hicks v. Thompson,* 1993 OK 57, 851 P.2d 1077, 1077.

Even if OSBI were to waive the confidentiality of their investigative reports and evidence set forth in 74 O.S. § 150.5, Plaintiff's Subpoena is overbroad and requests records not relevant to any claim. Plaintiff's subpoena requests the following:

1. All documents, reports, evidence, communications, emails, videos, recordings, photographs, and any other materials pertaining to the Ada Police Department ("APD") officer-involved shooting of Gregory James Harbin on August 17, 2016, including but not limited to all materials pertaining to the investigation of the shooting. (hereinafter Harbin incident)

2. All documents, reports, evidence, communications, emails, videos, recordings, photographs, and any other materials pertaining to the APD officer-involved shooting of Thomas Cole Thompson on December 3, 2019, including but not limited to all materials pertaining tot the investigation of the shooting. (hereinafter Thompson incident)

3. All documents, reports, evidence, communications, emails, videos, recordings, photographs, and any other materials pertaining to any APD officer-involved shooting from 2014 to the present, including but not limited to all materials pertaining to the investigation of the shooting.

> 4. All documents, reports, evidence, communications, emails, videos, recordings, photographs, and any other materials pertaining to any APD officer-involved use of deadly force from 2014 to the present, including but not limited to all materials pertaining to the investigation of the use of deadly force.

Both the Harbin and Thompson incidents have no relevance to this case. The Harbin incident involved the violation of a restraining order and an outstanding warrant for the suspect who subsequently fled the scene in a car. The shooting occurred when the suspect fled the scene following the discovery of his outstanding warrant. While it did involve Officer Beale, it is factually distinguishable from this case in that it did not involve entry into a residence. It is not relevant and the investigation should not be produced.

The Thompson incident is even more factually dissimilar. In that incident, an Ada Police Officer was attempting to serve a warrant when the suspect opened fire on the Officers. A gun battle ensued outside the Thompson residence. The Thompson incident occurred after this case, involved none of the named officers, and had nothing to do with an entry into a residence. Again, like the Harbin incident, is not relevant and the investigation should not be produced.

It stands to reason that Plaintiff should not be entitled to information that has no relation or relevance to the claims or defenses before the Court. Just because an officer-involved shooting occurred that involved a City of Ada police officer at some point in time does not mean that Plaintiff is entitled to the OSBI file related to that particular event and the personal information of the unrelated parties contained therein. Permitted unfettered access to such records allows Plaintiff access to unrelated persons personal information in violation of their privacy rights.

Finally, Plaintiff's subpoena requests the last seven (7) years of OSBI investigations into the Ada Police department for officer-involved shootings and officer-involved use of deadly force.

First, the duration is overbroad. Second, the subpoena does not request instances related to the present fact pattern but all officer-involved shootings and officer-involved use of deadly force. Again, the request is overbroad.

## MOTION FOR PROTECTIVE ORDER

In the alternative, Defendant do not object to the Court entering a protective order for the information it deems relevant to the claims or defenses or that would be likely to lead to the discovery of relevant evidence. Similarly, Defendants do not object to the Court conducting and *in camera* review of the OSBI file for the purposes of determining relevancy.

## CONCLUSION

All discovery is subject to an overriding relevancy requirement and as such, it has "ultimate and necessary boundaries." *See Hickman, supra.* In this instance, Plaintiff's Subpoenas are overbroad and encompasses the production of documents which are not relevant to any claim or defense and thus, are not discoverable. Defendants' request that the Court quash Plaintiff's Subpoenas to the DOH and OSBI or otherwise limit them at this Court deems just.

    Respectfully submitted,

    STEIDLEY & NEAL, P.L.L.C.
    *Attorneys for Defendants*


By:   *s/Sean M. McKelvey*
      Sean M. McKelvey, OBA #17098
      smm@steidley-neal.com
      P.O. Box 1165
      McAlester, OK 74502
      (918)423-4611
      (918)423-4620 - fax

**Certificate of Service**

__X__  I hereby certify that on the 2nd day of June, 2022, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing.  Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

| | |
|---|---|
| Jack Mattingly, Jr. | jackjr@mroklaw.com |
| Jarrett Adams | jadams@jarrettadamslaw.com |
| Jeanette Samuels | sam@chicivilrights.com |

___  I hereby certify that on the ____ day of June, 2022, I served the attached document by U.S. Mail, postage fully prepaid, on the following who are not registered participants of the ECF System:

           *s/Sean M. McKelvey*
           of Steidley & Neal, P.L.L.C.