# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF OKLAHOMA

CHRISTY BAILEY, as Personal )
Representative of the Estate )
of Jeffrey Peterson, deceased, )
                                    )
                Plaintiff, )
                                    )
v.                               )       Case No. CIV-20-327-JAR
                                    )
CITY OF ADA; )
OFFICER MARCUS BEALE; )
OFFICER JUSSELY CANADA; )
OFFICER MICHAEL MEEKS; and )
OFFICER PHILLIP VOGT. )
                                    )
                Defendants. )

## OPINION AND ORDER

      This matter comes before the Court on the Motion to Reconsider filed by Defendant Marcus Beale (Docket Entry #121) and the Motion to Reconsider filed by Defendant City of Ada (Docket Entry #122). On October 13, 2023, this Court entered an Opinion and Order on the pending summary judgment motions filed in this case. As a result of this Court's rulings, summary judgment was granted on all of Plaintiff's claims against Defendants Officer Jussely Canada, Michael Meeks, and Phillip Vogt. Additionally, summary judgment was granted on the claim against Defendant City of Ada for the failure to train based in 42 U.S.C. § 1983. Summary judgment was denied on the claims based in Oklahoma state law against Defendant

City of Ada for wrongful death, intentional infliction of emotional distress, assault and battery, negligent hiring, training, and retention, and an Open Records Act violation because of factual questions which remained on the actions of Defendant Officer Marcus Beale.  Summary judgment was also granted on the claim for excessive force based in 42 U.S.C. § 1983 against Defendant Marcus Beale.  The remaining claims against Defendant Beale survived summary judgment for the warrantless entry based in 42 U.S.C. § 1983 and the claims based in Oklahoma state law for wrongful death, intentional infliction of emotional distress, and assault and battery, as questions of fact precluded a determination.

Through the pending motions to reconsider under Fed. R. Civ. P. 59(e), Defendants City of Ada and Officer Marcus Beale assert (1) a reasonable jury could not conclude that Office Beale's warrantless and possibly unjustified entry into decedent Jeffrey Peterson's ("Peterson") apartment could not be the proximate cause of his damages arising from his shooting death by Officer Beale; (2) Peterson's actions in fighting the officers when they entered his apartment constituted a superseding cause of his damages over the warrantless entry by Officer Beale which would preclude liability on both the constitutional claims and Oklahoma state law claims asserted against by Officer Beale and the City of Ada; (3) the Open Records Act claim against the City of Ada should be dismissed because it has produced

everything in its possession in response to the request for information provided by Plaintiff.

Plaintiff first challenges whether the moving Defendants may rely upon Rule 59(e) to seek the relief requested. Rule 59(e) only applies only to final judgments. Raytheon Constructors Inc. v. Asarco Inc., 368 F.3d 1214, 1217 (10th Cir. 2003). An order denying summary judgment is generally not a final order. Bass v. Richards, 308 F.3d 1081, 1086 (10th Cir. 2002). A court's decision that does not adjudicate all the claims and rights and liabilities of all the parties is generally not considered a final judgment; rather, such a judgment is generally considered interlocutory and is subject to revision at any time. Raytheon, 368 F.3d at 1217; Wagoner v. Wagoner, 938 F.2d 1120, 1122 n. 1 (10th Cir. 1991)(a motion for reconsideration on a court's decision denying a motion for partial summary judgment "was nothing more than an interlocutory motion invoking the district court's general discretionary authority to review and revise interlocutory rulings prior to entry of final judgment").

If, however, a court denies summary judgment because of "purely legal challenges to the denial" of qualified immunity, the determination is considered "final" for appellate purposes. Bass, 308 F.3d at 1086. "When the defendants are public officials asserting a qualified immunity defense and the appealed issue is

whether a given set of facts establishes that defendants violated clearly established law," the order denying summary judgment is final and the appellate court has jurisdiction under 28 U.S.C. § 1291. Id*.; See also* Mitchell v. Forsyth, 472 U.S. 511, 530 (1985)("[A] district court's denial of a claim of qualified immunity, to the extent that it turns on an issue of law, is an appealable 'final decision' within the meaning of 28 U.S.C. § 1291 notwithstanding the absence of a final judgment."). If, however, the court denied qualified immunity based on a purely factual question, then appellate courts lack jurisdiction. Johnson v. Jones, 515 U.S. 304, 319–20 (1995)(holding that a defendant asserting a qualified immunity defense "may not appeal a district court's summary judgment order insofar as that order determines whether or not the pretrial record sets forth a 'genuine' issue of fact for trial").

This Court denied Office Beale's claim to qualified immunity based upon a dispute in the facts which required the assessment and verdict of a jury as the trier of fact. As a result, the Opinion and Order on qualified immunity is not final until all claims and parties have been addressed. Moreover, the same Opinion and Order which denied some of the claims brought against the City of Ada are not final. Accordingly, Rule 59(e) is not the moving Defendants' appropriate avenue for relief under the circumstances presented.

This does not leave Defendants without relief. Rule 54(b) provides, in

pertinent part

> . . . any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b).

A court can alter its interlocutory orders even where the more stringent requirements applicable to a motion to alter or amend a final judgment under Rule 59(e) or a motion for relief from judgment brought pursuant to Rule 60(b) are not satisfied. Spring Creek Expl. & Prod. Co., LLC v. Hess Bakken Inv., II, LLC, 887 F.3d 1003, 1024 (10th Cir. 2018). While the standard is broad and entirely discretionary on its face, the court may look to the standard used to review a motion made pursuant to Federal Rule of Civil Procedure 59(e) for guidance. As recognized by the moving Defendants, these standards include: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." Servants of the Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000).

The moving Defendants concentrate on the third basis - "preventing manifest injustice." "Although the Tenth Circuit has not specifically defined 'manifest injustice' in the Rule 59(e) context, other courts have defined manifest injustice as

5

'more than just a clear and certain prejudice to the moving party, but also a result that is fundamentally unfair in light of governing law.'" Thymes v. Verizon Wireless, Inc., 2016 WL 9777487, at *2 (D.N.M. Sept. 28, 2016) (unpublished) (quoting Smith v. Lynch, 115 F. Supp. 3d 5, 12 (D.D.C. 2015); and In re Green Goblin, Inc., 2012 WL 1971143, at *1 (Bankr. E.D. Pa. May 31, 2012) (unpublished) ("In order for a court to reconsider a decision due to 'manifest injustice,' the record presented must be so patently unfair and tainted that the error is manifestly clear to all who view it.")).

In this case, Officer Beale contends that Peterson's actions represent a superseding cause which he defines as "one that is not within the scope of the risk created by the actor's conduct." Restatement (Second) of Torts § 442B (1965). The City of Ada offers a similar argument in contending that it cannot be demonstrated that Officer Beale's actions were the proximate cause of Peterson's damages. The question then turns upon whether Peterson's actions were foreseeable to Officer Beale, thereby relieving him of a constitutional violation. Trask v. Franco, 446 F.3d 1036, 1046 (10th Cir. 2006). While this issue was not raised in the original summary judgment motion, this Court will consider it in order to insure "manifest injustice" to Officer Beale does not occur in this case.

This Court determined that a factual dispute existed as to whether Officer

Beale had a right to make a warrantless entry into the apartment in stating

> The fact remains that the disputed claim that Officer Beale violated Peterson's constitutional right to be free of a warrantless search could be found to have lead to the death of Peterson and the resulting damages. Such disputes are in the exclusive province of the jury as factfinder and not appropriately resolved on summary judgment under the facts presented in this case.
>
> Opinion and Order, Docket Entry No. 120 at p. 25.

Foreseeability is the touchstone of any assertion of superseding cause. Brown v. Montoya, 45 F. Supp. 3d 1294, 1300 (D.N.M. 2014) citing Miller v. Shell Oil Co., 345 F.2d 891, 893 (10th Cir. 1965). In this case, the evidence presented on summary judgment indicated that Peterson "told officers that he was going to treat [them] as intruders if [they] went into the residence". A reasonable jury could conclude that this statement created a reasonably foreseeable circumstance where if Officer Beale made a warrantless and possibly constitutionally violative entry the apartment, violence and injury was likely to occur. Again, as this Court stated in the Opinion and Order on summary judgment, no emergent situation was present unless the jury would conclude that Peterson caused an assault upon Officer Beale by closing the door upon his arm. Therefore, the same reasonable jury could conclude that Peterson's actions did not constitute a superseding cause precluding recovery for the damages he sustained in the entry and subsequent struggle. Again,

this Court concludes that a question of fact exists on several fronts which precluded summary judgment on proximate cause and superseding cause as well as qualified immunity. As a result, this Court declines to alter the Opinion and Order in any respect on this issue.

The City of Ada also contends that the Open Records Act claim should be denied, stating it turned over all the records it possessed in response to Plaintiff's request. As noted in the Opinion and Order, this claim was not addressed in the City of Ada's original summary judgment motion. <u>Opinion and Order</u>, Docket Entry No. 120, p. 33. This Court declines to do this in the first instance on reconsideration.

IT IS THEREFORE ORDERED that Motion to Reconsider filed by Defendant Marcus Beale (Docket Entry #121) and the Motion to Reconsider filed by Defendant City of Ada (Docket Entry #122) are hereby **DENIED**.

IT IS SO ORDERED this 16th day of September, 2024.

_____
JASON A. ROBERTSON
UNITED STATES MAGISTRATE JUDGE